UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BILL VILLERS and IBR INC., | Case No.: 4:11-cv-00387-REB |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | **DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** (Docket No. 10) |
| KIMBERLY D. NELSON, DISTRICT RANGER; BILL WOOD, SALMON/CHALLIS SUPERVISOR; DENNIS KRASOWSKI, BLM GEOLOGIST; RUSS BJORKLUND, USFS GEOLOGIST, | |
| Defendants. | **PLAINTIFFS' MOTION FOR MONETARY RELIEF AND MOTION TO STOP FRIVOLOUS MOTIONS BY DEFENSE COUNSEL** (Docket No. 21) |
| | **PLAINTIFFS' MOTION TO STOP DEFENSE COUNSEL PROVIDING IMPROPER LEGAL COUNSEL TO DEFENDANTS** (Docket No. 29) |

Currently pending before the Court are: (1) Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Docket No. 10); (2) Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 21); and (3) Plaintiffs' Motion to Stop Defense Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

## I. BACKGROUND

1.      On or about July 14, 2011, Plaintiffs initiated this action in the District Court of the Seventh Judicial District in the State of Idaho in and for Lemhi County.  *See* Affirmation of Lien; Report; and Notice of Payment on Demand (Docket No. 1, Atts. 2-4).

2.      On August 19, 2011, Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1).  *See* Notice of Removal (Docket No. 1).

3.      Also on August 19, 2011, Defendants requested that this Court "screen this action before the case proceeds any further," pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Request for Screening of Case (Docket Nos. 2 & 5).

4.      The undersigned denied Defendants' request, but invited Defendants to separately move to dismiss the action.  *See* 10/27/11 Order, p. 5 (Docket No. 8) ("Therefore, the Court will not dismiss Plaintiffs' action absent a motion outlining what appears to be a variety of potential bases for dismissal, coupled, then, with Plaintiffs' opportunity to respond.").

5.      On November 14, 2011, Defendants filed a Motion to Dismiss or, in the alternative, Motion for a More Definite Statement ("Defendants' Motion") (Docket No. 10).  The bases for Defendants' Motion are (1) lack of personal jurisdiction, (2) insufficient process, (3) insufficient service of process, and (4) failure to state a claim upon which relief can be granted. *See* Mem. in Supp. of Mot. to Dismiss, p. 1 (Docket No. 10, Att. 1).  Additionally, Defendants argue that IBR, Inc., the corporation, should be dismissed as a plaintiff because it is not represented by counsel.  *See id*. at p. 2.

6.      On November 15, 2011, this Court issued a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements ("First Notice"), outlining the protocol for responding to

**MEMORANDUM DECISION AND ORDER - 2**

either motions to dismiss or motions for summary judgment. *See* Notice to Pro Se Litigants (Docket No. 11). As of the date of the First Notice, Plaintiffs' response to Defendants' Motion was due on December 8, 2011.

7.     On November 22, 2011, Plaintiffs filed their Motion to Allow "Amicus Curia" A Friend of the Court. *See* Mot. to Allow "Amicus Curiae" a Friend of the Court (Docket No. 12). At that time, it was not clear to the Court whether this motion constituted Plaintiffs' response to Defendants' Motion.

8.     On November 29, 2011, Plaintiffs also filed a Motion for Expedited Hearing. *See* Mot. for Expedited Hearing (Docket No. 13). At that time, it was also not clear to the Court what, exactly, Plaintiffs sought an expedited hearing about.

9.     Despite these questions, in a December 2, 2011 Order, this Court (1) denied Plaintiffs' Motion to Allow "Amicus Curia" A Friend of the Court (Docket No. 12), and (2) denied Plaintiff's Motion for Expedited Hearing (Docket No. 13). *See* 12/2/11 Order at pp. 1-3 (Docket No. 15). Within the December 2, 2011 Order, however, the Court indicated that Plaintiffs' response to Defendants' Motion was now due on December 15, 2011 ("Second Notice"). *See id*. at p. 3 ("For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiffs' (1) Motion to Allow "Amicus Curiae" A Friend of the Court [and (2) Motion for Expedited Hearing] (Docket Nos. 12 & 13 are both DENIED. However, to the extent necessary, Plaintiffs shall be given until **December 15, 2011** to respond to Defendants' Motion.") (Emphasis in original). Importantly, in denying these two motions, this Court did not address Defendants' Motion, let alone dismiss Plaintiffs' claims.

**MEMORANDUM DECISION AND ORDER - 3**

10.     On or around December 7, 2011, Plaintiffs filed a Notice of Appeal (Docket No.

16).  Within their Notice of Appeal, Plaintiffs alleged in full:

> THE PLAINTIFF,S BILL VILERS & IBR INC. PAID UP FRONT MONIES TO HAVE A HEARING IN THE LOWER COURT.  THE PLAINTIFF,S NEVER received NOTICE FROM THE LOWER COURT AS WHY OR AN EXPLANATION GIVEN TO THE PLAINTIFFS LEIN WAS MOVED TO FEDRAL COURT.  THIS WOULD BE A VIOLATION OF TITLE, (**42 USC SECTION 1983;**) (**DEPERIVATION OF CIVIL RIGHT,S;**) THERE ARE NO LEGITIMATE REASONS FOR THIS VIOLATION. WITH THIS IN MIND THE PLAINTIFF,S ARE ASKING THE COURT TO RESCIND IT,S DECISION'S THAT IT GAVE TO THE DEFENDANT'S. ON **DECEMBER 2, 2011.**  BY KEEPING IN MIND THAT PLAINTIFF'S ASKED THE LOWER COURT FOR AN INCOURT HEARING.   WHERE AS BOTH PARTIES CAN BRING EVIDENCE FOR their RESPECTIVE POINT'S OF VIEW.  IN RESPONSE TO DEFENDANT'S' MOTION'S.

*See* Not. of Appeal (Docket No. 16) (Emphasis in original).

11.     On or around January 11, 2012, the United States Court of Appeals for the Ninth

Circuit dismissed Plaintiffs' appeal for lack of jurisdiction.  As a result, Defendants' Motion, and

the arguments contained therein, remained before this Court for the undersigned's consideration.

Plaintiff still had not responded to Defendants' Motion.

12.     On January 13, 2012, the Court indicated that Plaintiffs' response to Defendants'

Motion was now due on February 6, 2012 ("Third Notice").  *See* Third Notice, p. 4 (Docket No.

20) (**"Therefore, on or before February 6, 2012, Plaintiffs shall respond to Defendants'**

**Motion.  In the event Plaintiffs altogether fail to respond to Defendants' Motion or submit**

**a "response" that does not address the arguments raised within Defendants' Motion,**

**Plaintiffs run the risk of having their action dismissed.  No further extensions will be**

**granted."**) (Emphasis in original).

**MEMORANDUM DECISION AND ORDER - 4**

13.     On February 2, 2012, Plaintiffs responded to Defendants' Motion.  *See* Resp. to Defs.' Motion (Docket No. 22).

14.     Also on February 2, 2012, Plaintiffs filed a Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel.  *See* Mot. for Monetary Relief and Mot. to Stop Frivolous Mots. (Docket No. 21).  Therein, Plaintiffs argue that "LEGAL COUNCIL CAN ONLY BE GIVEN TO GOVERNMENT EMPLOYEES IF IT IS DETERMINED THAT A FRIVOLOUS CHARGE IS PENDING.  HOWEVER, IN THIS CASE, NONE OF THE COURTS HAS MADE THIS DETERMINATION."  *See id*. at p. 1 (Emphasis in original).

15.     Following Defendants' submission of a reply memorandum in support of Defendants' Motion (Docket No. 25), as well as Defendants' response to Plaintiffs' Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 23), on February 17, 2012, Plaintiffs filed a related Motion to Stop Defense Counsel Providing Improper Legal Council to Defendants.  *See* Motion to Stop Defense Counsel Providing Improper Legal Counsel.  (Docket No. 29).  Therein, Plaintiffs again argue that "THE DEFENSE COUNCIL HAS GONE BEYOND THE SCOPE FOR WHICH SHE CAN GIVE LEGAL COUNCIL TO THE DEFENDANTS."  *See id*. at p. 1 (Emphasis in original).

16.     On February 22, 2012, Plaintiff Bill Villers submitted a letter the Court, "SUGGESTING THE COURT TO RE-EVALUATE THE OUTRAGEIOUS GOVERNMENT CONDUCT BY THE BLM, USF, AND THE DEPARTMENT OF JUSTICE.  THE GRAVITY OF THE MISCONDUCT BY MS. RODRIGUEZ CAN NOT BE CONSIDERED PROPER OR JUSTIFYED."  *See* 2/22/12 Ltr. (Docket No. 30) (Emphasis in original).  Therein, Plaintiffs requested that the Court order Defendants to produce certain information relating to Plaintiffs' underlying claims.  *See id*.

**MEMORANDUM DECISION AND ORDER - 5**

17.     On March 21, 2012, Plaintiffs submitted a second letter, this time, acknowledging that their "MOTION TO STOP PROVIDING IMPROPER LEGAL COUNCEL TO THEIR CLIENTS MAY HAVE BEEN IMPROPER" while also supplying the Court with various excerpted material "FOR THE COURTS ENJOYMENT."  *See* 3/21/12 Ltr. (Docket No. 32) (Emphasis in original).

18.     On April 6, 2012, Plaintiffs submitted a third letter, outlining Defendants' alleged misfeasance, malfeasance, and nonfeasance, while also apparently arguing in favor of this Court applying concepts of strict liability, products liability, "criminal damage," "the Criminal Damage Act 1971," conspiracy, "the Criminal Law Act 1977," the "Criminal Attempts Act 1981," Title 28 Section 2635.502, Title 42 Section 1983.  *See* 4/6/12 Ltr. (Docket No. 33).

19.     On July 18, 2012, Plaintiff submitted a fourth letter to determine the status of the action and the pending motions.  *See* 7/18/12 Ltr. (Docket No. 34) ("I APPRECIATE YOUR EFFORTS IN THIS CASE AND ACCORDINGLY WILL WAIT AN ADITIONAL THIRY DAYS BEFORE IMPLEMENTING MY, PLAN.  SHOULD YOU, HAVE ANY FURTHER ADVICE, etc., I, WOULD BE PLEASED TO RECEIVE IT."  *See id*. (Emphasis in original).

## II.  DISCUSSION

Recognizing Plaintiffs' challenge to Defendants' counsel's participation in this action to begin with, it would seem prudent to address those motions before addressing Defendants' Motion.  With that in mind, the Court turns first to Plaintiffs' (1) Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 21) and (2) Plaintiffs' Motion to Stop Defense Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29), followed by (3)  Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Docket No. 10).

**MEMORANDUM DECISION AND ORDER - 6**

A.    **Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 21) and Motion to Stop Defense Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29)**

Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 21) appears to make two requests: (1) that this Court award Plaintiff "MONETARY DAMAGES IN THE AMOUNT OF **$21,589,020.00**, PLUS INTEREST OF **10%** IN THE AMOUNT OF **$2,158,902.00**, PLUS 3 TIMES PUNITIVE DAMAGES UNDER IDAHO LAW WHICH COMES TO THE AMOUNT OF **$71,243,766.00**"; and (2) that this Court censure Defendants' counsel for "CROSS[ING] THE LINE IN OFFERING MORE LEGAL AID THAN WOULD BE AFFORDED TO A NON-GOVERNMENT OFFICIAL." *See* Mot. for Monetary Relief and Mot. to Stop Frivolous Mots., pp. 1-6 (Docket No. 21) (Emphasis added).

As to the first request, the Court understands Plaintiffs' request to be, more-or-less, a reiteration of the relief requested via the underlying action. To the extent that is not the case, such a motion more closely resembles a dispositive motion, of which Plaintiff must comply with the procedural protocols outlined within FRCP 56. Under either scenario (and disregarding any issues presented by Plaintiffs' pleadings to date (*see infra*)), Plaintiffs' request in this respect cannot prevail based upon the record now before the Court. Even assuming, but without deciding, that viable causes of action have been properly plead, Plaintiffs' request is simply too premature. The record is not fully developed in such a way to warrant the award of damages in Plaintiffs' favor as a matter of law. Accordingly, Plaintiffs' request in this respect is denied.

As to the second request (and also as to Plaintiffs' related Motion to Stop Defense Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29)), Defendants have

**MEMORANDUM DECISION AND ORDER - 7**

properly filed two motions to date: (1) a Request for Screening of Case (Docket No. 5); and (2) a

Motion to Dismiss (Docket No. 10).  Nothing prevents Defendants from filing such motions.

Furthermore, Defendants' counsel is properly representing Defendants' interests in defending

Plaintiffs' allegations against them.  *See* 28 U.S.C. § 516 ("Except as otherwise authorized by

law, the conduct of litigation in which the United States, an agency, or officer thereof is a party,

or is interested, and securing evidence therefor, is reserved to officers of the Department of

Justice, under the direction of the Attorney General."); 28 U.S.C. § 547(2) ("Except as otherwise

provided by law, each United States attorney, within his district, shall prosecute or defend, for

the Government, all civil actions, suits or proceedings in which the United States is concerned.").

In other words, as Defendants' counsel puts it: "Counsel is simply doing her job."  *See* Defs.'

Opp. to Mot. to Stop Defense Counsel Providing Improper Legal Counsel to Defs., pp. 1-2

(Docket No. 31).  Accordingly, Plaintiffs' request in this respect is also denied.

     As a result, Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions

by Defense Counsel (Docket No. 21) is DENIED and Plaintiffs' Motion to Stop Defense

Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29) is DENIED.

**B.**    **Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Docket No. 10)**

     Defendants argue that Plaintiffs' claims should be dismissed due to (1) lack of personal

jurisdiction; (2) insufficient process; (3) insufficient service of process; and (4) failure to state a

claim upon which relief can be granted.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, pp. 1-2

(Docket No. 10, Att. 1).  In essence, Defendants argue that, because they were not properly

served under the applicable procedural rules, this Court lacks personal jurisdiction over them.

*See id*. at pp. 2-3.  ("Unless a defendant has been served in accordance with Federal Rule of

**MEMORANDUM DECISION AND ORDER - 8**

Civil Procedure 4, the federal court lacks personal jurisdiction over the defendant."). Separately, Defendants argue that Plaintiff IBR, Inc. must be dismissed because it cannot be represented by an individual – in this case Plaintiff Villers – who is not licensed to practice law in Idaho. *See id*. at p. 5. Alternatively, Defendants argue that Plaintiffs be required to provide a more definite statement as to the actual claims asserted against Defendants, supported by specific allegations in relation to those claims. *See id*. at pp. 5-6.

      1.    <u>Personal Jurisdiction, Process, and Service of Process</u>

Though similar in nature, challenges to a plaintiff's process and service of process implicate state law rather than federal law when dealing with removed actions. *See Lee v. City of Beaumont*, 12 F. 3d 933, 937 (9th Cir. 1993) ("[FRCP] 4(j) does not apply to service of process which was attempted *prior* to removal; the sufficiency of service in this case is determined according to state law because service of process occurred before removal.") (Emphasis in original); *see also* Fed. R. Civ. P. 81(c) (requiring application of federal rules to procedures "*after* it is removed from a state court.") (Emphasis added). Regardless of which law applies, Defendants' arguments in these respects remain the same. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 10, Att. 1) ("In Idaho, the procedures for service are the same.").

First, Defendants argue that the United States was not properly served in accordance with FRCP 4(i)(1)(A) and, likewise, its employees (also Defendants here) were not properly served in accordance with FRCP 4(i)(3) (requiring service upon the United States and also upon the officer or employee under FRCP 4(e)). *See id*. at p. 2. Plaintiffs offer no argument disputing this point and the Court, on its own, finds none. *See* Pls.' Resp. to Defs.' Mot. to Dismiss (Docket No. 22).

Second, Defendants argue that Defendant Wood was never properly served with any summons or complaint. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 10, Att.

**MEMORANDUM DECISION AND ORDER - 9**

1); *compare also* Fed. R. Civ. P. 4(e) *with* Id. R. Civ. P. 4(d)(2).  Moreover, Defendants claim

that Defendant Nelson, Defendant Krasowski, and Defendant Bjorklund were never properly

served with a legal summons – each receiving the documents in the mail from Plaintiff Villers.

*See id*. at p. 3; *compare also* Fed. R. Civ. P. 4(e) *with* Id. R. Civ. P. 4(d)(2).  Again, Plaintiffs

offer no argument disputing this point and the Court, on its own, finds none.  *See* Pls.' Resp. to

Defs.' Mot. to Dismiss (Docket No. 22).

 Third, Defendants argue that Plaintiffs' summonses do not contain the signature of the

clerk and the court seal.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 3 (Docket No. 10, Att.

1); *compare also* Fed. R. Civ. P. 4(a) *with* Id. R. Civ. P. 4(b).  Again, Plaintiffs offer no

argument disputing this point and the Court, on its own, finds none.  *See* Pls.' Resp. to Defs.'

Mot. to Dismiss (Docket No. 22).

 Fourth, Defendants argue that Plaintiff Villers *himself* mailed the document titled

"Summons in a Civil Case" to Defendant Krasowski, Defendant Nelson, and Defendant

Bjorklund rather than by an officer authorized by law to serve process.  *See* Defs.' Mem. in

Supp. of Mot. to Dismiss, p. 3 (Docket No. 10, Att. 1); *compare also* Fed. R. Civ. P. 4(c)(2) *with*

Id. R. Civ. P. 4(c)(1).  In doing so, Defendants additionally argue that, by mailing these

materials, Defendants were never personally served as is required under the applicable rules.  *See*

Defs.' Mem. in Supp. of Mot. to Dismiss, p. 3 (Docket No. 10, Att. 1); *compare also* Fed. R.

Civ. P. 4(e) *with* Id. R. Civ. P. 4(d)(2).  Again, Plaintiffs offer no argument disputing this point

and the Court, on its own, finds none.  *See* Pls.' Resp. to Defs.' Mot. to Dismiss (Docket No. 22).

 These unrebutted shortcomings reflect insufficient process and insufficient service of

process and, thus, a lack of personal jurisdiction.  *Compare* Fed. R. Civ. P. 12(b) *with* Id. R. Civ.

P. 12(b).  The time for curing these deficiencies has passed and no good cause exists as to why

**MEMORANDUM DECISION AND ORDER - 10**

service was not made within the applicable period of time – either 120 days or 180 days as the case may be.  *Compare* Fed. R. Civ. P. 4(m) *with* Id. R. Civ. P. 4(a).  Indeed, Plaintiff has never attempted to explain or address these procedural issues – even after being apprised of them following Defendants' Motion and being given numerous extensions to respond to Defendants' Motion.  Such deficiencies apply regardless and independent of the substantive merits, if any, of Plaintiffs' claims.  *Compare* Fed. R. Civ. P. 4(m) *with* Id. R. Civ. P. 4(a).  Therefore, the action is dismissed, without prejudice.

　　　　2.　　Failure to State a Claim

FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by an FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. at 557.

**MEMORANDUM DECISION AND ORDER - 11**

In a more recent case, the Supreme Court identified two "working principles" that underlie the decision in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *See id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting, in part, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by *Conley*, a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after

**MEMORANDUM DECISION AND ORDER - 12**

for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2008) (citations omitted).

Here, there is no Complaint; instead, Plaintiffs submitted in state court (1) an Affirmation of Lien (Docket No. 1, Att. 2); (2) a "Report" (Docket No. 1, Att. 3); and (3) a "Notice of Payment on Demand" (Docket No. 1, Att. 4).

The Affirmation of Lien references 18 code sections (mostly criminal in nature) relating to an alleged theft.  *See* Affirmation of Lien, pp. 1-2 (Docket No. 1, Att. 2) ("<u>THE PROPERTY THAT WAS STOLEN BY THE DEFENDANTS WAS SETTING ON COUNTY PROPERTY RIGHT AWAY, JUST OFF THE ROAD ON McKIM CREEK, IN LEMHI COUNTY, IDAHO. THE PROPERTY IN QUESTION WAS 300 TON'S OF ORE BELONGING TO BILL VILLERS AND IBR INC. SINCE 1994, THERE HAS BEEN NO QUESTION OF OWNER SINCE THAT TIME.</u>") (Emphasis in original); *see also Kendall v. City of Boise*, 2010 WL 3540453, *3 (D. Idaho 2010) ("To the extent Kendall is seeking to bring claims under criminal statutes, it is recommended that those claims be dismissed, with prejudice.  Criminal statutes generally do not provide a basis for civil liability." (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  As Defendants point out, the Affirmation of Lien makes no reference to

_____

dismissing claims for violating *Iqbal* and *Twombly*.  *See, e.g.*, *Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication).  Accordingly, the Court will continue to employ the liberal amendment policy.

**MEMORANDUM DECISION AND ORDER - 13**

the date(s) of the alleged theft or to the individual Defendants.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, p. 4 (Docket No. 10, Att. 1).

The Report, dated August 29, 2010 (nearly a year before this action was instituted), deals with Plaintiff Villers' meeting with BLM Officer Dennis Krasowski and USF Officer Russ Bjorklund.  *See* Report, p. 1 (Docket No. 1, Att. 3).  The substance of the Report, while difficult to follow at times, is a subjective account of certain activities at a period of time preceding this action and cannot on its own constitute a pleading, stating any claim of relief against Defendants under FRCP 8.

The "Notice of Payment on Demand" again discusses Defendants' alleged theft of Plaintiffs' personal property.  *See* Notice of Payment on Demand.  However, as with the Affirmation of Lien, the date of the alleged theft is not mentioned, the individual Defendants are not discussed, and two of the three referenced code sections represent criminal statutes.  *See* *Kendall*, 2010 WL 3540453 at *3.

Defendants claim that these three documents do not comply with FRCP 8 as they fail to set forth a short and plain statement of a claim showing that Plaintiffs are entitled to relief.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss, pp. 4-5 (Docket No. 10, Att. 1).  Defendants therefore ask the Court to dismiss Plaintiffs' claims pursuant to FRCP 12(b)(6).  *See id*.  While Plaintiffs make some general allegations of theft, they give no clear indication of what they are talking about, citing to all types of statutes with no corresponding tie to their claims.  In sum, while the Court could guess at the nature of Plaintiffs' dispute, more from Plaintiff is needed in the form of allegations of fact, followed by specifically-identified and described causes of action asserting legal claims that are brought against Defendants.  As of now, it is impossible to comprehend the

**MEMORANDUM DECISION AND ORDER - 14**

scope of Plaintiffs' claims, which in turn makes it impossible for Defendants to fairly respond to those claims.  Further, Plaintiffs' response to Defendants' Motion is of the same unfocused and inapposite form as the documents filed earlier on by Plaintiffs, and therefore is of no real help to the Court in making sense of Plaintiffs' claims.

Under these circumstances, the Court will grant Defendants' Motion.  In most such settings, an opportunity to amend the "Complaint" (or perhaps, here, an opportunity to create a Complaint in the first instance) that conforms with applicable law and court rules would be allowed.  However, given the insufficiencies with respect to Plaintiffs' process and service of process (*see supra*), such amendments may be unavailing in the context of *this* very action. *Compare* Fed. R. Civ. P. 4(m) *with* Id. R. Civ. P. 4(a).   Still, Plaintiffs' claims (whatever they may be) may still exist within the applicable statutes of limitation.  If so (and this Court makes no ruling in this respect), Plaintiffs may be able to renew their claim in a separate action.  In such an event, Plaintiffs are cautioned that, if they file a pleading which again simply lists statutes without tying them to their claims and explaining their claims in a more intelligible way, they run the risk of having such claims dismissed once again.

3.    Plaintiff Villers' Representation of Plaintiff IBR, Inc. *Pro Se*

Although an individual may proceed *pro se* in federal court, a corporation may appear in federal court only through licensed counsel.  *See U.S. v. High Country Broad. Co.*, 3 F.3d 1244 (9th Cir. 1993).  Plaintiff Villers is not licensed to practice law in Idaho and, therefore, cannot represent Plaintiff IBR, Inc.  If Plaintiffs file a new case, IBR, Inc. must be represented by an attorney admitted to practice in this court.

**MEMORANDUM DECISION AND ORDER - 15**

4.      Defendants' Motion for a More Definite Statement

Because this Court has already dismissed this action for insufficient process and insufficient service of process, coupled with Plaintiffs' failure to state a claim under FRCP 12(b)(6), there is no need to address Defendants' alternate Motion for a More Definite Statement. Even if the Court allowed Plaintiffs to amend their complaint to address any procedural weaknesses that, up to that point, existed (*see supra*), the failure to meet service of process requirements compels that the action be dismissed, regardless. Therefore, Defendants' Motion for a More Definite Statement is rendered moot.

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' Motion for Monetary Relief and Motion to Stop Frivolous Motions by Defense Counsel (Docket No. 21) is DENIED;

2.      Plaintiffs' Motion to Stop Defense Counsel Providing Improper Legal Counsel to Defendants (Docket No. 29) is DENIED; and

3.      Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement (Docket No. 10) is GRANTED in part and DENIED in part. Defendants' Motion to Dismiss is granted and Plaintiffs' claims are dismissed, without prejudice. Defendants' alternate Motion for a More Definite Statement is denied as moot.

DATED:  **September 7, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 16**